IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MATTHEW JONES, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 17-995-RGA |
| MATT DENN, et al., | : |
| Defendants. | : |

Matthew Jones, Greenwood, Delaware. Pro Se Plaintiff.

Joseph Clement Handlon, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for Defendants.

**MEMORANDUM OPINION**

February 27, 2018
Wilmington, Delaware

*/s/ Richard G. Andrews*
**ANDREWS, U.S. District Judge:**

Plaintiff Matthew Jones, who appears *pro se* and has been granted leave to proceed *in forma pauperis,* filed this action in June 2017 in the United States District Court for the Eastern District of Pennsylvania against several State of Delaware Defendants. The matter was transferred to this Court on July 21, 2017. (D.I. 5). Jones asserts jurisdiction by reason of a federal question and diversity of citizenship. He alleges that his claims arise under federal criminal statutes and the Fifth Amendment of the United States Constitution. Defendants move to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) prior to review and screening of the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). (D.I. 7). Plaintiff opposes the motion to dismiss. (D.I. 8). The Court proceeds to screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

## BACKGROUND

The Complaint is a rambling, disjointed biography of Jones' life that skips from topic to topic. He claims he was taken from his parents at birth and given to another couple. He states that he has been imprisoned illegally since birth for sexual reasons. He describes acts taken against him from the time he was an infant through high school. Jones has been diagnosed with schizophrenia, has had forced hospitalizations sixteen times, and court-ordered administration of anti-psychotic medications. The Complaint describes various hospitalizations and the treatment received.

Plaintiff alleges the Attorney General "has taken no action to end the bloodshed, continues to work for the villains, and moves on their behalf." (D.I. 1-2 at 13). He alleges, "[T]he Attorney General's Office has made blatant death threats on the judges

1

and other attorneys to continue the murderous rage that he and the police have implemented over [his] entire life in their illegal parsonage to sexual slavery." (*Id.* at 13-14). Plaintiff asks to be released from slavery. The Complaint also discusses various lawsuits Plaintiff has filed and decisions rendered in the cases.

## LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94.

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

2

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a

3

"context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## DISCUSSION

Although the Complaint names four defendants, Matt Denn, Delaware's Attorney General, the State of Delaware, and the Department of Justice, there are actually three Defendants. Denn and the Attorney General of the State of Delaware are one and the same.

The State of Delaware, its Department of Justice, and Matt Denn (who appears to be sued in his official capacity) are immune from suit. The Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the kind of relief sought. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). In addition, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (internal citations omitted); *Ali v Howard*, 353 F. App'x 667, 672 (3d Cir. 2009). "Absent a state's consent, the Eleventh Amendment bars a civil rights suit in federal court that names the state as a defendant." *Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981) (citing *Alabama v. Pugh*, 438 U.S. 781 (1978)). Delaware has not waived its immunity from suit in federal court; although Congress can abrogate a state's sovereign immunity, it did not do so through the enactment of 42 U.S.C. § 1983. *See Brooks-McCollum v. Delaware*, 213 F. App'x 92, 94 (3d Cir. 2007).

Finally, after thoroughly reviewing the Complaint and applicable law, the Court draws on its judicial experience and common sense and finds that the claims raised by Jones are frivolous. Therefore, the Court will dismiss the Complaint as frivolous and based upon Defendants' immunity from suit pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).

## CONCLUSION

For the above reasons, the Court will: (1) dismiss the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) (i) and (iii); and (2) dismiss as moot Defendant's motion to dismiss (D.I. 7). The Court finds amendment futile.

An appropriate order will be entered.